1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  MARY PLUMMER,                          ) Case No.: 1:16-cv-1137 - JLT
                                           )
12            Plaintiff,                    ) ORDER TO DEFENDANT TO SHOW CAUSE
                                           ) WHY SANCTIONS SHOULD NOT BE IMPOSED
13       v.                                 ) FOR FAILURE TO COMPLY WITH THE
                                           ) COURT'S ORDER
14  NANCY A. BERRYHILL[1],                  )
    Acting Commissioner of Social Security, )
15                                          )
             Defendant.                     )
16  _____)

17       Mary Plummer initiated this action by filing a complaint on August 2, 2016, seeking judicial

18  review of the decision to denying her application for Social Security benefits.  (Doc. 1)  On August 5,

19  2016, the Court entered its Scheduling Order, setting forth the deadlines governing the action.  (Doc. 7)

20       Plaintiff filed her opening brief in the matter on March 24, 2017.  (Doc. 16)  Pursuant to the

21  terms of the Scheduling Order, within thirty days of the opening brief, Defendant was to file a

22  responsive brief.  (Doc. 7 at 2)  Accordingly, the responsive brief was to be filed no later than April 24,

23  2017.  To date, no response has been filed and Defendant has not requested an extension of time to

24  comply with the Court's order.

25       The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a

26  party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any

27  _____

28       [1] Nancy A. Berryhill is now the Acting Commissioner of Social Security.  Pursuant to Rule 25(d) of the Federal
    Rules of Civil Procedure, Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, as the defendant.

1

1 and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have

2 inherent power to control their dockets," and in exercising that power, a court may impose sanctions

3 including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

4 (9th Cir. 1986). A court may impose sanctions based on a party's failure to prosecute an action or

5 failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963

6 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone*

7 *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposition of sanctions for failure to comply

8 with a court order).

9       Accordingly, Defendant is **ORDERED** to show cause within ten days of the date of service of

10 this Order why the sanctions should not be imposed for failure to follow the Court's Order or, in the

11 alternative, file a brief in response to the Plaintiff's opening brief.

12

13 IT IS SO ORDERED.

14     Dated:   **April 28, 2017**             **/s/ Jennifer L. Thurston**

15                                   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28